

**Superior Court of the District of Columbia**
**CIVIL DIVISION**
500 Indiana Avenue, N.W., Suite 5000
Washington, D.C. 20001 Telephone: (202) 879-1133

| Hogan Lovells US LLP | |
|---|---|
| Plaintiff | |
| vs. | Case Number 2015 CA 003502 B |
| S2 Therapeutics, Inc. | |
| Defendant | |

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have sixty (60) days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear below. If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Suite 5000 at 500 Indiana Avenue, N.W., between 8:30 a.m. and 5:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff. If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

| Randell C. Ogg | Clerk of the Court |
|---|---|
| Name of Plaintiff's Attorney | |
| 1150 Connecticut Ave. NW, Fl. 9 | By _____ Deputy Clerk |
| Address | |
| Washington, D.C. 20036 | |
| 202-862-4323 | Date 05/12/2015 |
| Telephone | |

如需翻译,请打电话 (202) 879-4828    Veuillez appeler au (202) 879-4828 pour une traduction    Để có một bài dịch, hãy gọi (202) 879-4828

번역을 원하시면, (202) 879-4828 로 전화주십시요    ያስፈልግ ትርጉም ለማግኘት (202) 879-4828 ይደውሉ

IMPORTANT: IF YOU FAIL TO FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (202-628-1161) or the Neighborhood Legal Services (202-279-5100) for help or come to Suite 5000 at 500 Indiana Avenue, N.W., for more information concerning places where you may ask for such help.

See reverse side for Spanish translation
Vea al dorso la traducción al español

Filed
D.C. Superior Court
05/12/2015 06:58PM
Clerk of the Court

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | |
|---|---|---|
| HOGAN LOVELLS US LLP<br>555 Thirteenth St. NW<br>Washington, D.C. 20004-1109<br><br>Plaintiff<br><br>v.<br><br>S2 THERAPEUTICS, INC.<br>302 Rosedale Ln.<br>Bristol, TN 37620-5055<br><br>and<br><br>VATRING HOLDINGS, INC.<br>1121 Virginia Ave.<br>Bluefield, VA 24605-1236<br><br>Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 2015 CA 003502 B |

## VERIFIED COMPLAINT
(Breach of Promissory Note)

1. Plaintiff Hogan Lovells US LLP ("Hogan Lovells") is a limited liability partnership organized under the laws of the District of Columbia and whose principal office is located at Columbia Square, 555 Thirteenth St. NW, Washington, D.C. 20004-1109.

2. Defendant S2 Therapeutics, Inc. ("S2 Therapeutics") is a corporation organized under the laws of the State of Tennessee and whose principal place of business is 302 Rosedale Ln., Bristol, VA 37620-5055.

3. Defendant Vatring Holdings, Inc. ("Vatring Holdings") is a corporation organized under the laws of the State of Virginia and whose principal place of business is 1121 Virginia Ave., Bluefield, VA 24605-1236.

4. This Court has subject jurisdiction over this matter pursuant to D.C. Code §11-921(a) and personal jurisdiction over each Defendant pursuant to D.C. Code §13-423(a)(1).

5. In or around September 2005, Defendants and/or their agents/representatives contracted Plaintiff at Plaintiff's offices in the District of Columbia for purposes of retaining Plaintiff to provide legal services to Defendants including within the District of Columbia. Plaintiff thereafter did provide legal services to Defendants including within the District of Columbia from approximately September 2005 through October 2011.

6. In regard to those legal services, on February 11, 2011, Defendants S2 Therapeutics and Vatring Holdings executed the attached Promissory Note (Attachment A), which is incorporated in full by reference as if all provisions and terms are pled herein.

7. The Promissory Note obligated Defendants S2 Therapeutics and Vatring Holdings to pay to Plaintiff in the District of Columbia certain sums of money commencing on February 28, 2011 and on various dates thereafter.

8. Defendants failed to pay those sums on the specified dates as promised (or thereafter) and are now in default of the Promissory Note within the meaning of the Promissory Note.

9. As a result of Defendants' default, the principal sum of $1,165,000 and accrued interest is now due and owing to the Plaintiff.

10. The Promissory Note provides that Plaintiff shall be entitled to "all costs of collection, including attorney's fees, incurred by the Holder in connection with such default and the collection of this Promissory Note" by Hogan Lovells in connection with any collection efforts as to the Promissory Note.

11. As a result of this breach and default, Plaintiff has been damaged, has incurred and will incur collection expenses within the meaning of the Promissory Note. Plaintiff is entitled to

payment of the Principal sum of $1,165,000, plus costs/expenses, attorney's fees, and pre- and post-judgment interest at the published rate of the Prime Rate at the time of the first default (3.25%) plus five percent (5%), as set out in the Promissory Note.

12. The amount of accrued interest from February 28, 2011 through June 1, 2015 is $408,938.92. At the specified contract rate, interest accrues at $263.32191 per day.

WHEREFORE, Plaintiff Hogan Lovells US LLP prays for judgment against Defendants S2 Therapeutics, Inc. and Vatring Holdings, Inc., jointly and severally, in the amount of $1,165,000, plus both pre- and post-judgment interest at 8.25% per annum, the costs and expenses of collection, attorney's fees, and for such other relief that is proper under the circumstances.

Dated: May 12, 2015

Respectfully submitted,

Randell C. Ogg (D.C. Bar. No. 324772)
Law Offices of Randell C. Ogg
1150 Connecticut Ave. NW, Fl. 9
Washington, D.C. 20036
Telephone: 202-862-4323
Fax: 202-828-4130
E-mail: rogg@bode.com
*Attorney for Hogan Lovells US LLP*

3

# PROMISSORY NOTE

$1,165,000.00                                                                              February 11, 2011

FOR VALUE RECEIVED through and including December 31, 2010, the undersigned (the Makers), jointly and severally promise to pay to the order of HOGAN LOVELLS US LLP (the "Holder"), at 555 Thirteenth Street, N.W., Washington, D.C, 20004, or at such other place as the Holder of this Note may from time to time designate, the sum of $1,165,000.00, payable as follows:

Such sum is due and payable in quarterly installments, with each such installment payment to be in the amount and to be due and payable on the following dates:

- SIXTY FIVE THOUSAND AND 00/100 DOLLARS ($65,000.00) due and payable on February 28, 2011,

- ONE HUNDRED AND FIFTY THOUSAND AND 00/100 DOLLARS ($150,000.00) due and payable on May 15, 2011,

- TWO HUNDRED THOUSAND AND 00/100 DOLLARS ($200,000.00) due and payable on July 30, 2011,

- TWO HUNDRED AND FIFTY THOUSAND AND 00/100 DOLLARS ($250,000.00) due and payable on October 30, 2011,

- TWO HUNDRED AND FIFTY THOUSAND AND 00/100 DOLLARS ($250,000.00) due and payable on February 28, 2012, and

- TWO HUNDRED AND FIFTY THOUSAND AND 00/100 DOLLARS ($250,000.00) due and payable on May 30, 2012.

Prepayment in any amount may be made at any time prior to the maturity date without penalty.

In the event of a default in payment of any such installment when due, at the option of the Holder, the entire unpaid sum of this Promissory Note immediately shall become due and payable in full, without demand, notice or other action by the Holder. In addition, in the event of a default in payment of any such installment when due, the Makers shall pay: (a) all costs of collection, including attorney's fees, incurred by the Holder in connection with such default and the collection of this Promissory Note, and (b) interest accrued on the sum due and payable in

Attachment A

full, from the date of such default until paid in full, at the Prime Rate, as defined and published by Wells Fargo Bank from time to time, plus five percent (5%).

The Makers and all endorsers of this Promissory Note, and each of them, hereby waive diligence, demand, presentment for payment, notice of non-payment, protest and notice of protest and specifically consent to and waive notice of any renewals, extensions, amendments or modifications of this Promissory Note, whether made in favor of the Makers or any other person or persons. The claiming of any statute of limitations as a defense to any demand against the Makers or any endorser is expressly waived by each and all the Makers and such said parties.

This Promissory Note shall be construed and enforced in accordance with the internal laws of the District of Columbia.

Any notice to the Makers shall be given by mailing such notice by first class mail, return receipt requested, or by overnight mail with proof of delivery, or by personal delivery, to the Makers at their respective addresses specified below or to such other address as a Maker may designate by notice to the Holder. Any notice to the Holder shall be given by mailing such notice by first class mail, return receipt requested, or by overnight mail with proof of delivery, or by personal delivery, to the Holder, at the address stated in the first paragraph of this Promissory Note, or at such other address as may be designated by notice to the Makers.

IN WITNESS WHEREOF, each of the undersigned has duly executed this Note, or has caused this Note to be duly executed on its behalf, as of the day and year first hereinabove set forth.

THE MAKERS:

S2 Therapeutics, Inc.,

By: _____
  Name:    Charles P. Sutphin
  Title:    President and CEO
  Address: 302 Rosedale Lane
           Bristol, TN 37629

Vatring Holdings, Inc.,

By: _____
  Name:    Charles P. Sutphin
  Title:    President and CEO
  Address: 1121 Virginia Avenue
           P. O. Box 1046
           Bluefield, VA 24605

## VERIFICATION

I, Patricia A. Brannan, being duly sworn and under the penalty of perjury, state as follows:

1. I am General Counsel of and a Partner in Hogan Lovells US LLP and have personal knowledge of the facts stated in the Verified Complaint, and I have been duly authorized to make this Verification on behalf of Hogan Lovells US LLP.

2. I verily believe the facts stated in the Complaint to be true.

3. The Promissory Note attached to this Complaint is a true copy of the Promissory Note executed by Defendants S2 Therapeutics, Inc. and Vatring Holdings, Inc., on February 11, 2011, and that Defendants S2 Therapeutics, Inc. and Vatring Holdings, Inc., did not make any of the required payments under the Promissory Note, and that Defendants are in default within the meaning of the Promissory Note.

4. The amount due and owing to Hogan Lovells US LLP under the Promissory Note is the full principal sum of $1,165,000, plus accrued interest at the interest rate of 8.25% as specified in the Promissory Note, attorney's fees, and court costs.

5. The Wells Fargo Bank published Prime Rate at the time of the Defendants' initial default on February 28, 2011 was 3.25%.

6. As of June 1, 2015 the unpaid accrued interest will be $408,938.92.

Dated: May __, 2015

_____
Patricia A. Brannan


DISTRICT OF COLUMBIA   )
                       ) ss:
CITY OF WASHINGTON     )

SWORN TO AND SUBSCRIBED
Before me this 12th day of May, 2015:

_Valentina Andrea_
Notary Public





**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

HOGAN LOVELLS US LLP
  Vs.                                                             C.A. No.     2015 CA 003502 B
S2 THERAPEUTICS, INC. et al

## INITIAL ORDER AND ADDENDUM

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

    (6) Parties are responsible for obtaining and complying with all requirements of the General Order for Civil cases, each Judge's Supplement to the General Order and the General Mediation Order. Copies of these orders are available in the Courtroom and on the Court's website http://www.dccourts.gov/.

                                                                                        Chief Judge Lee F. Satterfield

Case Assigned to: Judge JEANETTE J CLARK
Date:  May 13, 2015
Initial Conference: 9:30 am, Friday, August 21, 2015
Location:  Courtroom 221
        500 Indiana Avenue N.W.

                                                                                                                        Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 2900, 410 E Street, N.W. Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

<div style="text-align:right">Chief Judge Lee F. Satterfield</div>

<div style="text-align:right">Caio.doc</div>

# Superior Court of the District of Columbia

CIVIL DIVISION- CIVIL ACTIONS BRANCH

INFORMATION SHEET   **2015 CA 003502 B**

<u>Hogan Lovells US LLP</u>   Case Number: _____

vs   Date: _____

<u>S2 Therapeutics, Inc., and Vatring Holdings, Inc.</u> ☐ One of the defendants is being sued in their official capacity.

| Name: *(Please Print)* Randell C. Ogg | Relationship to Lawsuit |
|---|---|
| Firm Name: Law Offices of Randell C. Ogg | ☒ Attorney for Plaintiff |
| | ☐ Self (Pro Se) |
| Telephone No.: 202-862-4323   Six digit Unified Bar No.: 324772 | ☐ Other: _____ |

TYPE OF CASE: ☒ Non-Jury   ☐ 6 Person Jury   ☐ 12 Person Jury
Demand: $ <u>1,165,000</u>   Other: _____

PENDING CASE(S) RELATED TO THE ACTION BEING FILED
Case No.: _____   Judge: _____   Calendar #: _____

Case No.: _____   Judge: _____   Calendar#: _____

---

**NATURE OF SUIT:**   *(Check One Box Only)*

**A. CONTRACTS**   **COLLECTION CASES**

☐ 01 Breach of Contract   ☐ 07 Personal Property   ☐ 14 Under $25,000 Pltf. Grants Consent
☐ 02 Breach of Warranty   ☐ 09 Real Property-Real Estate   ☐ 16 Under $25,000 Consent Denied
☒ 06 Negotiable Instrument   ☐ 12 Specific Performance   ☐ 17 OVER $25,000 Pltf. Grants Consent
☐ 15 Special Education Fees   ☐ 13 Employment Discrimination   ☐ 18 OVER $25,000 Consent Denied

**B. PROPERTY TORTS**

☐ 01 Automobile   ☐ 03 Destruction of Private Property   ☐ 05 Trespass
☐ 02 Conversion   ☐ 04 Property Damage   ☐ 06 Traffic Adjudication
☐ 07 Shoplifting, D.C. Code § 27-102 (a)

**C. PERSONAL TORTS**

☐ 01 Abuse of Process   ☐ 09 Harassment   ☐ 17 Personal Injury- (Not Automobile, Not Malpractice)
☐ 02 Alienation of Affection   ☐ 10 Invasion of Privacy
☐ 03 Assault and Battery   ☐ 11 Libel and Slander   ☐ 18 Wrongful Death (Not Malpractice)
☐ 04 Automobile- Personal Injury   ☐ 12 Malicious Interference   ☐ 19 Wrongful Eviction
☐ 05 Deceit (Misrepresentation)   ☐ 13 Malicious Prosecution   ☐ 20 Friendly Suit
☐ 06 False Accusation   ☐ 14 Malpractice Legal   ☐ 21 Asbestos
☐ 07 False Arrest   ☐ 15 Malpractice Medical (Including Wrongful Death)   ☐ 22 Toxic/Mass Torts
☐ 08 Fraud   ☐ 16 Negligence- (Not Automobile, Not Malpractice)   ☐ 23 Tobacco
   ☐ 24 Lead Paint

---

SEE REVERSE SIDE AND CHECK HERE ☐ IF USED

CV-496/May 13

# Information Sheet, Continued

**C. OTHERS**

- ☐ 01 Accounting
- ☐ 02 Att. Before Judgment
- ☐ 04 Condemnation (Emin. Domain)
- ☐ 05 Ejectment
- ☐ 07 Insurance/Subrogation Under $25,000 Pltf. Grants Consent
- ☐ 08 Quiet Title
- ☐ 09 Special Writ/Warrants (DC Code § 11-941)
- ☐ 10 T.R.O./ Injunction
- ☐ 11 Writ of Replevin
- ☐ 12 Enforce Mechanics Lien
- ☐ 16 Declaratory Judgment
- ☐ 17 Merit Personnel Act (OEA) (D.C. Code Title 1, Chapter 6)
- ☐ 18 Product Liability
- ☐ 24 Application to Confirm, Modify, Vacate Arbitration Award (DC Code § 16-4401)
- ☐ 25 Liens: Tax/Water Consent Granted
- ☐ 26 Insurance/ Subrogation Under $25,000 Consent Denied
- ☐ 27 Insurance/ Subrogation Over $25,000
- ☐ 28 Motion to Confirm Arbitration Award (Collection Cases Only)
- ☐ 26 Merit Personnel Act (OHR)
- ☐ 30 Liens: Tax/ Water Consent Denied
- ☐ 31 Housing Code Regulations
- ☐ 32 Qui Tam
- ☐ 33 Whistleblower

**II.**

- ☐ 03 Change of Name
- ☐ 06 Foreign Judgment
- ☐ 13 Correction of Birth Certificate
- ☐ 14 Correction of Marriage Certificate
- ☐ 15 Libel of Information
- ☐ 19 Enter Administrative Order as Judgment [ D.C. Code § 2-1802.03 (h) or 32-1519 (a)]
- ☐ 20 Master Meter (D.C. Code § 42-3301, et seq.)
- ☐ 21 Petition for Subpoena [Rule 28-I (b)]
- ☐ 22 Release Mechanics Lien
- ☐ 23 Rule 27(a) (1) (Perpetuate Testimony)
- ☐ 24 Petition for Structured Settlement
- ☐ 25 Petition for Liquidation

_/s/ [signature]_
Attorney's Signature

May 12, 2015
Date

CV-496/Aug 12