IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HOGAN LOVELLS US LLP,<br><br>Plaintiff<br><br>v.<br><br>S2 THERAPEUTICS, INC.<br><br>and<br><br>VATRING HOLDINGS, INC.,<br><br>Defendants | Civil Action No: _____<br><br>JURY TRIAL REQUESTED |

**DEFENDANT S2 THERAPEUTICS, INC.'S ANSWER AND
AFFIRMATIVE AND OTHER DEFENSES TO
PLAINTIFF HOGAN LOVELLS US LLP'S COMPLAINT**

Defendant, S2 Therapeutics, Inc. (hereinafter "S2 Therapeutics" or "defendant") answers Plaintiff Hogan Lovells US LLP's (hereinafter, "Hogan Lovells" or "plaintiff") Complaint (the "Complaint") in corresponding numbered paragraphs as follows:

1. S2 Therapeutics is without sufficient information to admit or deny the allegations set forth in paragraph 1 of the Complaint, and on that basis, denies them.

1

2. S2 Therapeutics admits that it is a corporation organized under the laws of the State of Tennessee, and states its principal place of business is outside the District of Columbia located at 302 Rosedale LN, Bristol, Tennessee 37620-5055, but denies that it has a principal place of business in Virginia, and therefore denies the remaining allegations of paragraph 2 of the Complaint.

3. S2 Therapeutics is without sufficient information to admit or deny the allegations set forth in paragraph 3 of the Complaint, and on that basis, denies them.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. S2 Therapeutics is without sufficient information to admit or deny the allegations set forth in paragraph 8 of the Complaint, and on that basis, denies them.

9. Denied.

10. The Promissory Note, on its face, appears to obligate "the Makers" to pay "the Holder" certain sums of money in the event of a default, but S2 Therapeutics denies the remaining allegations of paragraph 10.

11. Denied.

12. Denied.

To the extent any additional allegations requiring an Answer are included in the Complaint or Hogan Lovells' Prayer for Relief, S2 Therapeutics specifically denies such allegations and requests that the court grant no relief to Hogan Lovells, dismiss the complaint and award S2 Therapeutics its attorney's fees and costs.

## AFFIRMATIVE AND OTHER DEFENSES

In further response to the Complaint, S2 Therapeutics asserts the following defenses. Additionally, S2 Therapeutics reserves the right to Amend its Answer and Affirmative and Other Defenses to plead additional defenses as necessary as additional information is obtained during the course of discovery.

I. The Complaint fails to state a claim upon which relief can be granted.

II. The Complaint alleges "breaches for contract terms" in the Promissory Note that are time barred by the Statute of Limitations.

III. The Promissory Note is invalid and unenforceable because it resulted from misrepresentation by Plaintiff.

IV. The Promissory Note is invalid and unenforceable because it lacks consideration.

V. There was no consideration to S2 Therapeutics for the Promissory Note.

VI. S2 Therapeutics did not receive the services or the benefit of the services that are stated in the Promissory Note "FOR VALUE RECEIVED."

VII. The Promissory Note is invalid and unenforceable because plaintiff exerted undue influence over defendant.

VIII. The Promissory Note is invalid and unenforceable because Vatring Holdings entered into the agreement under duress.

IX. Plaintiff had knowledge that S2 Therapeutics was not responsible for the debt of Vatring Holdings and is therefore not now responsible for the debt of Vatring Holdings.

X. Plaintiff had knowledge that Charles P. Sutpin had no capacity or authority to bind S2 Therapeutics to debt owed by a third-party, and therefore S2 Therapeutics is not now responsible for the debt of Vatring Holdings or any obligations under the Promissory Note.

XI. Plaintiff did not seek consent with the Board of S2 Therapeutics at any time prior to the purported execution of the Promissory Note and thus S2 Therapeutics is not bound by the Promissory Note.

XII. The Promissory Note is unconscionable because it added interest to fees for services already performed and billed to the clients of Plaintiff.

XIII. Plaintiff breached its duty of loyalty owed to its client, S2 Therapeutics, by creating an instrument in which S2 Therapeutics would be liable for a third-party debt owed to Plaintiff.

XIV. Plaintiff's claim is barred by laches.

XV. Plaintiff's claim is barred by Plaintiff's unclean hands.

Dated: June 11, 2015

Respectfully Submitted,

S2 Therapeutics, Inc.

By: _____

Amanda Katzenstein
D.C. Bar # 1010000
Novak Druce Connolly
    Bove + Quigg, LLP
1875 I Street, NW, 11th Floor
Washington, DC 20006
Tel: (202) 331-7111
Fax: (202) 293-6229
amanda.katzenstein@novakdruce.com

5

Of Counsel

Thomas P. Pavelko
D.C. Bar # 348144
Daniel P. Mullarkey
D.C. Bar # 1006400
Peter N. Lalos
D.C. Bar # 7450
Novak Druce Connolly
      Bove + Quigg, LLP
1875 I Street, NW, 11th Floor
Washington, DC 20006
Tel: (202) 331-7111
Fax: (202) 293-6229
tom.pavelko@novakdruce.com
daniel.mullarkey@novakdruce.com
peter.lalos@novakdruce.com

*Attorneys for Defendant S2 Therapeutics, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of June, 2015, a true and correct copy of the foregoing document Defendant S2 Therapeutics, Inc.'s Answer and Affirmative and Other Defenses to Plaintiff Hogan Lovells US LLP's Complaint was caused to be served on the following parties via first class mail as follows:

**Randell C. Ogg**
**1150 Connecticut Ave. NW, Fl. 9**
**Washington, D.C. 20036**
*Attorney for Plaintiff*
*Hogan Lovells US LLP*

**Vatring Holdings, Inc.**
**1121 Virginia Ave.**
**Bluefield, VA 24605-1236**
*Co-Defendant*

                                                /s/ Amanda Katzenstein
                                                Amanda Katzenstein